[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a trial to the court, the court entered a permanent injunction on April 8, 1997 on the second count of the defendants' counterclaim. The court permanently enjoined the plaintiff, her agents and servants (a) from trespassing or entering the defendants' property known as 164 Sycamore Avenue, Woodbury and (b) from all further acts of harassment against the defendants.
On July 10, 1997, the defendants filed a motion for contempt, alleging that the plaintiff wilfully violated the permanent injunction. The plaintiff initially objected to the motion on the grounds that the injunction was stayed automatically by the plaintiff's appeal. After argument on that issue, the court ruled that the injunction was not stayed by the appeal, in accordance with Tomasso Brothers, Inc. v. October Twenty-Four, Inc.,230 Conn. 641, 658 (1994). The court then held an evidentiary hearing on the motion for contempt.
The evidence adduced at the contempt hearing will be better understood in the context of the court's findings in its April, 1997 decision. The plaintiff and the defendants own adjoining properties in Woodbury. The plaintiff brought this action contending that she had acquired by adverse possession a strip of land along the common boundary of the two properties. The court found against her on this claim. The court found for the defendants on their counterclaim claiming that the plaintiff intentionally inflicted emotional distress on them in various ways, including harassing telephone calls and shining car headlights and floodlights into the Mansfields' property late at night.
At the contempt hearing the defendants Pauline and Paul Mansfield testified that they drove to the rear of their property CT Page 759 at approximately 10:30 p. m. on July 1, 1997 to water a fruit tree which they had forgotten to water earlier in the day. After watering the tree they drove back up hill toward the front of their property and saw a car with bright headlights shining into a field located on their property. They then saw the plaintiff's car drive into the plaintiff's driveway, then back out of the driveway and shine its lights at the Mansfield vehicle, which was being driven by Mrs. Mansfield, who was blinded by the light. Mrs. Mansfield stopped her car and got out of her vehicle. The plaintiff then drove her car back into her driveway and exited her car. She came over to Mrs. Mansfield and screamed at her to get off her property. Mrs. Mansfield responded that it was not Lord's property and walked over to a barrel painted with flowers owned by the plaintiff, which is located in between the two driveways, to point to an iron pin which marks the boundary line between the two proper ties. She leaned over to show the stake to the plaintiff. The plaintiff then stated that it was not a surveyor's stake, but an illegal one and she kicked Mrs. Mansfield in her forearm. Mrs. Mansfield then lost her balance and to regain her balance, grabbed at a flower, a type of lily, in the barrel, breaking the flower as she grasped it. The plaintiff became very angry over the broken flower and slapped Mrs. Mansfield in the face, knocking off her glasses. The plaintiff then called the police while the Mansfields searched for Mrs. Mansfield's glasses.
The police officer who responded to the scene testified that he took statements from both the plaintiff and Mrs. Mansfield and that he observed a red mark on Mrs. Mansfield's face near her left cheekbone as well as a small mark on the left side of her forehead and a red area on the top of her left forearm. He also observed the broken flower. After speaking with his sergeant, the officer gave both the plaintiff and Mrs. Mansfield a summons for breach of peace. He testified that as he was about to leave the scene, the plaintiff asked him if he took photographs of Mrs. Mansfield's injuries. When he replied that he had not, the plaintiff said "good."
The plaintiff's testimony about the incident differed from that of the Mansfields and the police officer. She testified that she was returning home after dinner with a friend at about 10:30 and drove directly into her driveway without stopping to shine her headlights at the Mansfields or their property. She testified that she noticed the Mansfields' car near the fence between the two properties and after she stopped her car in her driveway, CT Page 760 Mrs. Mansfield came up behind the plaintiff's car and told her to remove the flower barrel from the Mansfields' property. The plaintiff testified that Mrs. Mansfield then began to rip flowers from the flower barrel, which led the plaintiff to put her arm out to stop Mrs. Mansfield. She testified that Mrs. Mansfield then took the plaintiff's arm and the plaintiff pulled her arm away, whereupon Mrs. Mansfield stepped on the plaintiff's foot.
The court credits the testimony of the Mansfields, which was corroborated in two respects by the objective observations of the police officer. The officer observed red marks on Mrs. Mansfield's forearm, face and forehead which were consistent with the Mansfields' testimony about the plaintiff's conduct. The plaintiff's account of the incident fails to account in any way for the red marks on Mrs. Mansfield's face and forehead. The plaintiff testified that Mrs. Mansfield ripped flowers from the planter. The police officer observed a single "snapped" flower, which again was consistent with the Mansfields' recollection. The plaintiff's testimony about the incident of July 1, 1997 is not credible.
The court finds that the plaintiff's actions during the incident as related by the Mansfields are wilful and in violation of the permanent injunction entered by the court which ordered the plaintiff to refrain from acts of harassment against the Mansfields. Accordingly, the court finds the plaintiff in contempt of court.
As a sanction for civil contempt the court may impose a fine to compensate the complainants for losses sustained. DeMartinov. Monroe Little League, Inc., 192 Conn. 271, 278 (1984). Such a fine is payable to the complainants. Id. In this case, the defendants presented evidence that they incurred attorney's fees of $275.55 to defend the breach of peace charge, which arose out of the plaintiff's conduct and which was ultimately nolled. The court therefore imposes a compensatory fine of $275.55 against the plaintiff to be paid to the defendants within thirty days from the date of this order.
General Statutes § 52-256b provides that upon finding a person in contempt of any order of the Superior Court the court may award the moving party a reasonable attorney's fee. The defendants presented evidence of incurring an attorney's fee of $1485 for conferences with respect to the motion for contempt, drafting of the motion, preparation of a memorandum of law and CT Page 761 two court appearances on the motion, including representation of the defendants at the three-hour evidentiary hearing. The court finds both the time spent by counsel, nine hours, and the hourly rate, $165, to be reasonable and awards the defendants attorneys fees of $1485, also to be paid within thirty days.
VERTEFEUILLE, J.